UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN THEODORE JOYNER,           )
                                 )
            Plaintiff,           )
                                 )
       v.                        )     No. 4:05-CV-262-DJS
                                 )
DEWPREE, et al.,                 )
                                 )
            Defendants.          )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kevin Theodore Joyner for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Dewpree and "Johnson-Johnson Manfactures." Liberally construing the complaint, plaintiff is claiming that he has a right knee implant which, due "to design and instructions," has caused him "deformation in [his] lower back and spine."

At the outset, the Court notes that, not only has plaintiff failed to assert any allegations against the named defendants, he has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff does not set forth any laws or constitutionally-protected rights that defendants allegedly have violated. See 28 U.S.C. § 1331. Moreover, subject

2

matter jurisdiction does not exist under 28 U.S.C. § 1332, given that the residency of defendants is "unknown," and the amount in controversy is unspecified. As such, the case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this   9th   day of May, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE